UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID FISCHER,<br><br>Defendant. | Case No. 1:17-cr-00304-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

This case is before the Court on remand from the U.S. Court of Appeals for the Ninth Circuit. **Dkt. 117**. Defendant David William Fischer filed a motion to suppress evidence, alleging that law enforcement officers violated his Fourth Amendment right to be free from unreasonable searches and seizures. **Dkt. 14.** After an evidentiary hearing, the Court denied the motion, finding that the warrantless search was not a violation of the Fourth Amendment. Fischer filed an appeal of this decision to the U.S. Court of Appeals for the Ninth Circuit. On review, the Ninth Circuit held that this Court incorrectly decided a portion of the motion and the case was remanded for additional factual findings. The Court conducted an evidentiary hearing and now issues additional findings on the

**MEMORANDUM DECISION AND ORDER - 1**

motion. For the following reasons, the Court denies Fischer's motion to suppress.

## BACKGROUND

On September 26, 2017, law enforcement officers went to the Red Lion Hotel in Boise, Idaho to arrest Fischer on a parole violation warrant. Dkt. 14-1 at 1. Fischer concedes that prior to the search, "law enforcement was aware . . . that . . . [he] was on parole for aggravated assault . . . and had a history of drug offenses." Dkt. 14-1 at 10.

After surveilling Fischer at the hotel for a period of time, the officers approached the room Fischer entered, Room 208, and initiated a "contain and callout." Fischer refused to open the door and subsequently barricaded himself in the room by moving a heavy dresser in front of the door. The officers contacted Fischer by phone, but he was upset and repeatedly disconnected the call. While on the phone with Fischer, officers heard movement in the room, the sound of the toilet flushing, and a barking dog. After an hour-long standoff, Fischer surrendered to the officers and was immediately placed into handcuffs in the doorway of the hotel room.

After taking Fischer into custody, Officer Joshua Thorndyke entered Room 208 and began a protective sweep of the hotel room. The hotel room was a small room with an attached bathroom. Officers swept the bedroom area first and

discovered another occupant, Tymilynn Uhl, and a large dog in the room. Ms. Uhl did not have a leash for the dog, so Officer Thorndyke directed her to put her dog in the bathroom and exit the room with her hands up. With the dog secured in the bathroom, officers completed the protective sweep of the bedroom area. Officers then turned to conducting a protective sweep of the bathroom.

In order to safely remove the dog from the bathroom, Officer Thorndyke stood outside the bathroom door and used a shield to block officers. The door was opened approximately one foot to allow a K9 officer to take control of the dog's head and attach a leash. From his position outside the bathroom door, Officer Thorndyke was able to see a wet and empty clear plastic baggy in the bathroom trashcan. After the K9 officer led the dog out of the hotel room Officer Thorndyke pushed the bathroom door all the way open. He stepped inside and turned to check if anyone was hiding in the shower or behind the door. During the sweep of the bathroom, Officer Thorndyke observed a shard of methamphetamine floating in the toilet bowl.

After completing the protective sweep of the hotel room, officers secured Room 208 while Officer Thorndyke left to obtain a warrant to search the hotel room. While waiting for the warrant, officers entered and exited the room multiple times.

**MEMORANDUM DECISION AND ORDER - 3**

Fischer was ultimately indicted for possession of methamphetamine with

Fischer was indicted for possession of methamphetamine with intent to distribute under 21 U.S.C. § 841, possession of firearm in furtherance of drug trafficking under 18 U.S.C. § 924(c), and possession of a firearm as a felon under 18 U.S.C. § 922(g). Fischer filed his motion to suppress "evidence seized from … [the] hotel room" alleging that law enforcement officers violated his Fourth Amendment right to be free from unreasonable searches and seizures. Dkt. 14.1 at 11. The Court denied the motion, finding in relevant part, that officers' were entitled to enter the bathroom of the hotel room under the community caretaking exception to the warrant requirement. The Court further ruled that the evidence discovered in the bathroom was admissible under the plain view doctrine. Dkt. 50.

Mr. Fischer filed an appeal of this decision to the U.S. Court of Appeals for the Ninth Circuit. On review, the Ninth Circuit held that the search of the bathroom did not fall under the "community caretaking exception." The case was remanded to this Court for additional factual findings and to determine (1) whether the search of the bathroom was a protective sweep within the time and scope limits of *Maryland v. Buie*, 494 U.S. 325 (1990), and (2) whether the methamphetamine and the baggy were discovered as part of that search. Dkt. 117 at 1–2.

## LEGAL STANDARD

The Fourth Amendment protects citizens from searches and seizures that are unreasonable. *United States v. Montoya de Hernandez*, 473 U.S. 531, 537 (1985). Reasonableness "depends upon all of the circumstances surrounding the search or seizure and the nature of the search or seizure itself," *id.*, and weighs the intrusion upon individual privacy interests against the promotion of legitimate governmental interests. *See Maryland v. Buie*, 494 U.S. 325, 331 (1990). When a defendant challenges a warrantless search or seizure, the government bears the burden of establishing by a preponderance of evidence that the search or seizure did not violate the Fourth Amendment. See *United States v. Carbajal*, 956 F.2d 924, 930 (9th Cir. 1992); *United States v. Johnson*, 936 F.2d 1082, 1084 (9th Cir. 1991); see also *United States v. Jeffers*, 342 U.S. 48, 51 (1951).

The Supreme Court has recognized a need for law enforcement to adequately protect themselves during searches of a home where a suspect may hide and readily access a weapon, *Buie*, 494 U.S. at 333-34, thereby creating a limited exception to the warrant requirement. *See United States v. Lemus*, 582 F.3d 958, 961 (9th Cir. 2009). "A search incident to a lawful arrest is a well-established exception to the Fourth Amendment's warrant requirement. This exception allows an officer to search the arrestee's person and the area within his immediate control, defined as the area from within which he might gain possession of a weapon or

**MEMORANDUM DECISION AND ORDER - 5**

destructible evidence." *United States v. Cook*, 797 F.3d 713, 717 (9th Cir. 2015). Concern for the officer's safety justifies a search incident to arrest without probable cause or reasonable suspicion of areas including closets and other spaces immediately adjoining the place of arrest capable from which an attack could be immediately launched. *Lemus*, 582 F.3d at 962.

Furthermore, officers may conduct a protective sweep of adjoining areas if there are articulable facts that would reasonably result in "a prudent officer in believing that the area to be swept harbor[ed] an individual posing a danger to those on the arrest scene." *Id.* (quoting *Buie*, 494 U.S. at 334). A protective sweep "may extend only to a cursory inspection of those spaces where a person may be found," and should last "no longer than is necessary to dispel the reasonable suspicion of danger and in any event no longer than it takes to complete the arrest and depart the premises." *Buie*, 494 U.S. at 335.

## ANALYSIS

After Fischer exited Room 208, the officers on scene were entitled to conduct a cursory inspection of those spaces adjoining the area of arrest where a person may be found. *See Buie*, 494 U.S. at 335. The Court previously ruled that the bedroom area of the hotel room "immediately adjoined" the location of Fischer's arrest and was therefore subject to a protective sweep. Dkt. 50 at 6. The

**MEMORANDUM DECISION AND ORDER - 6**

Court now finds that officers were also entitled to conduct a protective sweep of the bathroom.

Here, Fischer was arrested in the doorway of the hotel room. Since the arrest broke the threshold of the hotel room, the bathroom "immediately adjoined" the area of arrest. Additionally, the bathroom was capable of concealing an individual who posed a danger to officers. Prior to entering the hotel room, officers did not know how many individuals were inside. Indeed, Officer Thorndyke testified that officers did not know that Ms. Uhl was in the room until they entered. Another person could have easily been hiding in the bathroom. Because the bathroom immediately adjoined the area of arrest and was large enough to conceal a person, it was permissible for officers to conduct a protective search incident to arrest to ensure that no one was hiding within. *See Lemus*, 582 F.3d at 964–65; *see also United States v. Lauter,* 57 F.3d 212, 216–17 (2d Cir.1995) (holding that, under *Buie,* the second room in a two-room apartment immediately adjoined the first room in which the suspect was arrested). Accordingly, the Court finds that the Government has met its burden of establishing by a preponderance of the evidence that the search of the bathroom, as a protective sweep, did not violate the Fourth Amendment.

Since officers were lawfully permitted to enter the bathroom to search for

**MEMORANDUM DECISION AND ORDER - 7**

potential attackers, they could seize the plastic baggy and the shard of methamphetamine under the "plain view" doctrine if (1) the items were in "plain view" and (2) the incriminating nature of the items was immediately apparent. *Horton,* 496 U.S. at 136-37. Both of these conditions are met here.

The trashcan containing the plastic baggy was immediately next to the bathroom door. Once the K-9 officer opened the door, the baggy was within plain view from the doorway. Officer Thorndyke's testimony also established that the shard of methamphetamine was in plain view when he stepped into the bathroom. Thus, both pieces of evidence come within the plain view exception and cannot be excluded because they were within view of the officers while they were conducting a lawful protective sweep of the bathroom.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion to Suppress (Dkt. 14) is **DENIED**.

DATED: March 14, 2022

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 8**